IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DIVISION OF MISSISSIPPI
HATTIESBURG DIVISION

ROBERT DAVID KEITH                                              PLAINTIFF

V.                                        CIVIL ACTION NO.: 2:12-cv-117-KS-MTP

DOUG BOUTWELL                                                  DEFENDANT

## DOUG BOUTWELL'S ANSWER TO PLAINTIFF'S COMPLAINT

Comes now Doug Boutwell, by and through counsel, and in response to Plaintiff's Complaint would show unto the Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which any relief may be granted and, therefore, pursuant to Fed. R. Civ. P. 12(b)(6), the same should be dismissed.

### SECOND DEFENSE

Plaintiff's Complaint fails to state facts against the defendant which would rise to the level of a constitutional deprivation under the laws of the United States or the Constitution of the United States.

### THIRD DEFENSE

Answering defendant specifically asserts and invokes all defenses available to him as set forth in Fed. R. Civ. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist.

### FOURTH DEFENSE

Answering defendant is entitled to qualified immunity in this matter.  More specifically, answering defendant would affirmatively aver that Plaintiff's Complaint

fails to allege a violation of a clearly established constitutional right and, at all times, his conduct was objectively reasonable.

## FIFTH DEFENSE

Answering defendant invokes all conditions, limitations, privileges and immunities of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, *et seq.*

## SIXTH DEFENSE

Answering defendant denies that he has been guilty of any actionable conduct.

## SEVENTH DEFENSE

## ADMISSIONS AND DENIALS

And now, without waiving any defense heretofore or hereinafter set forth, answering defendant responds to the allegations of Plaintiff's Complaint, paragraph by paragraph, as follows:

## COMPLAINT

1.      Answering defendant, upon information and belief, admits the allegations of paragraph 1 of Plaintiff's Complaint.

2.      Answering defendant admits that Doug Boutwell is a Lamar County Sheriff's Deputy and that Boutwell's address is 81 Corinth Cut-Off, Purvis, Mississippi. Answering defendant further admits, upon information and belief, that Boutwell was acting under color of state law at all times relevant to this matter. Answering defendant denies the remaining allegations of paragraph 2 of Plaintiff's Complaint.

3.      Answering defendant admits that venue is proper in this Court and that answering defendant resides in Lamar County.   Answering defendant denies the remaining allegations of paragraph 3 of Plaintiff's Complaint.

4.      Answering defendant denies the allegations of paragraph 4 of Plaintiff's Complaint.

5.      Answering defendant lacks information to make a determination as to the truth of the allegations of paragraph 5 of Plaintiff's Complaint and, as such, denies the same.

6.      Answering defendant denies the allegations of paragraph 6 of Plaintiff's Complaint.

7.      Answering defendant denies the allegations of paragraph 7 of Plaintiff's Complaint.

8.      Answering defendant denies the allegations of paragraph 8 of Plaintiff's Complaint.

9.      Answering defendant denies the allegations of paragraph 9 of Plaintiff's Complaint.

10.     Answering defendant admits he arrested the Plaintiff and that he handcuffed him during said arrest.   Answering defendant denies the remaining allegations of paragraph 10 of Plaintiff's Complaint.

11.     Answering defendant denies the allegations of paragraph 11 of Plaintiff's Complaint.

12.     Answering defendant denies the allegations of paragraph 12 of Plaintiff's Complaint.

13.     Answering defendant denies the allegations of paragraph 13 of Plaintiff's Complaint.

14.     Answering defendant denies the allegations of paragraph 14 of Plaintiff's Complaint.

15.     Answering defendant denies the allegations of paragraph 15 of Plaintiff's Complaint.

16.     Answering defendant denies the allegations of paragraph 16 of Plaintiff's Complaint.

17.     Answering defendant denies the allegations of paragraph 17 of Plaintiff's Complaint.

<u>**COUNT ONE – CIVIL RIGHTS VIOLATIONS**</u>

18.     Answering defendant repeats and incorporates by reference each and every defense, admission and denial to paragraphs 1 through 17 hereinabove as if the same were specifically set out herein.

19.     Answering defendant denies the allegations of paragraph 19 of Plaintiff's Complaint.

20.     Answering defendant denies the allegations of paragraph 20 of Plaintiff's Complaint.

## COUNT TWO- ASSAULT AND BATTERY

21.     Answering defendant repeats and incorporates by reference each and every defense, admission and denial to paragraphs 1 through 20 hereinabove as if the same were specifically set out herein.

22.     Answering defendant denies the allegations of paragraph 22 of Plaintiff's Complaint.

23.     Answering defendant denies the allegations of paragraph 23 of Plaintiff's Complaint.

24.     Answering defendant denies the allegations of paragraph 24 of Plaintiff's Complaint.

## COUNT THREE – MALICIOUS PROSECUTION, FALSE ARREST AND FALSE IMPRISONMENT

25.     Answering defendant repeats and incorporates by reference each and every defense, admission and denial to paragraphs 1 through 24 hereinabove as if the same were specifically set out herein.

26.     Answering defendant denies the allegations of paragraph 26 of Plaintiff's Complaint.

27.     Answering defendant denies the allegations of paragraph 27 of Plaintiff's Complaint.

## COUNT FOUR- TORTIOUS INTERFERENCE WITH BUSINESS

28.     Answering defendant repeats and incorporates by reference each and every defense, admission and denial to paragraphs 1 through 27 hereinabove as if the same were specifically set out herein.

29.     Answering defendant denies the allegations of paragraph 29 of Plaintiff's Complaint.

30.     Answering defendant denies the allegations of paragraph 30 of Plaintiff's Complaint.

31.     Answering defendant denies the allegations of paragraph 31 of Plaintiff's Complaint.

As for the last unnumbered paragraph which commences "WHEREFORE, Keith hereby demands…," answering defendant denies each and every allegation contained therein and would affirmatively aver that the Plaintiff is not entitled to any recovery whatsoever.

## EIGHTH DEFENSE

Answering defendant is protected by and invokes all the immunities granted by judicial, common law, and statutory sovereign immunity.

## NINTH DEFENSE

Answering defendant alleges that he met or exceeded the requirements of law and due care and that he is guilty of no acts or omissions which either caused or contributed to the incident in question.

**TENTH DEFENSE**

Answering defendant alleges that Plaintiff's claims are barred by the applicable statute of limitations, *res judicata*, collateral estoppel, laches, waiver, contributory negligence, accord and satisfaction, lack of standing, release, and/or estoppel.

**ELEVENTH DEFENSE**

At all times, the individual defendant was acting within the course and scope of his employment and, therefore, cannot be held liable in his individual capacity insofar as any state court claims are concerned.

**TWELFTH DEFENSE**

The individual defendant was acting in the official scope of his employment as an employee of the Lamar County Sheriff's Department, and, at all times material to the allegations of the Complaint, his actions were in good faith without malice.

**THIRTEENTH DEFENSE**

Plaintiff is not entitled to recover any enhanced, punitive, or exemplary damages, as provided by Miss. Code Ann. § 11-46-15 insofar as any state court claims are concerned. Additionally, answering defendant would affirmatively state that the Plaintiff is not entitled to recover enhanced, punitive, or exemplary damages, the same being violative of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States and Article III, Section 14 of the Constitution of the State of Mississippi, inclusive of, but not necessarily limited to, the following separate and several grounds:

7

(a)      The procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(b)      The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(c)      The procedures fail to provide a limit on the amount of the award against the defendants.

(d)      The procedures fail to provide specific standards for the amount of the award of punitive damages.

(e)      The procedures permit award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(f)      The procedures permit multiple awards of punitive damages for the same alleged act.

(g)      The procedures fail to provide a clear consistent appellant standard of review of an award for punitive damages.

(h)      The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(i)      The standard of conduct upon which punitive damages are sought is vague.

## FOURTEENTH DEFENSE

Answering defendant invokes the protections and limitations provided by Miss. Code Ann. § 11-1-65 insofar as punitive damages are concerned.

## FIFTEENTH DEFENSE

Answering defendant invokes *Heck v. Humphrey*, 512 U.S. 477 (1994) as a defense to the extent it is applicable to any of Plaintiff's claims.

## SIXTEENTH DEFENSE

Answering defendant reserves the right to add additional defenses as the same become known during the course of discovery of this cause.

And now, having answered the Complaint filed against him, answering defendant requests that the same be dismissed and discharged with costs assessed against the Plaintiff.

Respectfully submitted,

**DOUG BOUTWELL**

By:     /s/William R. Allen
        One of His Attorneys

ROBERT O. ALLEN   (MSB #1525)
WILLIAM R. ALLEN (MSB #100541)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS 39602
Tel: 601-833-4361
Fax: 601-833-6647
ballen@aabalegal.com
wallen@aabalegal.com

**CERTIFICATE**

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the ECF system which gave notice of same to the following:

> Timothy J. Matusheski, Esq.
> Law Offices of Timothy J. Matusheski
> P.O. Box 15758
> Hattiesburg, MS 39404
> timmatusheski@hotmail.com

This the 17th day of July, 2012.

/s/William R. Allen
OF COUNSEL